**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| GEORGE SOULIOTES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MODESTO; MODESTO POLICE DEP'T; MODESTO FIRE DEP'T; SGT. MIKE HARDEN; DET. ROGER LEE; DET. DICK RIDENOUR; DET. JOHN BUEHLER; DET. DODGE HENDEE; OFFICER JOE PIMENTEL; INVESTIGATOR BOB EVERS; INVESTIGATOR TOM REUSCHER; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 1:15-CV-00556-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION FOR ONE DAY CONTINUANCE OF MOTION TO DISMISS OPPOSITION FILING DEADLINE** |

This matter is before the Court on Plaintiff's ex parte application for an additional one-day continuance of the motion to dismiss opposition deadline, previously set for April 18, 2016. Doc. 144 (filed April 19, 2016). Requests for extension are governed by Local Rule 144. Local Rule 144(d) explains that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

While the Court may, in its discretion, grant an initial ex parte request for an extension, there are pre-conditions to the exercise of that discretion. First, "all motions for extensions of time shall set forth the total period of extensions already obtained by the parties as to the particular matters for which the extension is sought." Local Rule 144(b). By prior stipulation, the parties agreed to continue the deadlines related to the pending motion by almost one moth, in part because "plaintiff's counsel's schedule was unexpectedly interrupted with other matters that

needed to be prioritized." Doc. 50 at 2. Plaintiff's counsel failed to mention this prior extension in her present application.

Second, any ex parte extension request must be accompanied by an affidavit of counsel that "explains the reasons why []a stipulation cannot be obtained." Local Rule 144(c). No such explanation is included in counsel's affidavit. Doc. 53.

Third, counsel is required to explain why the extension is necessary. Local Rule 144(c). Counsel provided the generic explanation that "[u]nexpected matters arose in another of Plaintiff's counsel's cases requiring her immediate attention, and while she expected to be able to attend to those matters and still complete and file Plaintiff's response brief by the April 18 deadline, she was ultimately not able to do." Doc. 53 at 2. This is not a sufficient statement of good cause, particularly given the use of a nearly identical excuse in the context of the prior extension.

To add to the problem, the opposition filed by counsel exceeds the page limits set forth in this Court's standing order by six pages. *See* Doc. 7-1.

In light of all of these rules violations, Plaintiff's request is DENIED WITHOUT PREJUDICE. Counsel may file a supplemental affidavit supporting good cause and an expansion of the page limits on or before 3:00 pm (PSD) on Friday, April 22, 2016.

IT IS SO ORDERED.

  Dated:   **April 20, 2016**                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE