# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES, | Case No. 1:15-CV-00556-LJO-SKO |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |
| CITY OF MODESTO, *et al.*, | |
| Defendants. | |
| | (ECF No. 71) |

# BACKGROUND[1]

On August 8, 2016, Defendants City of Modesto, Modesto Police Department, Modesto Fire Department, Mike Harden, Roger Lee, Dick Ridenour, John Buehler, Dodge Hendee, Joe Pimentel, Bob Evers, and Tom Reuscher filed a motion to dismiss Plaintiff George Souliotes's Second Amended Complaint ("SAC"), setting the motion's hearing for September 26, 2016. ECF No. 64. Pursuant to Local Rule 230(c), Plaintiff's opposition to the motion was due no later than fourteen days preceding the September 26, 2016 hearing date, *i.e.*, on or before September 12, 2016. Plaintiff did not meet this deadline. In their reply, filed on September 19, 2016, Defendants observed that Plaintiff did not to file an opposition to their then-pending motion to dismiss. ECF No. 67. On September 20, 2016, the Court issued a minute order vacating the September 26, 2016 hearing and indicating its intention to decide the motion on the papers pursuant to Local Rule 230(g). ECF No. 68.

On October 18, 2016, the Court issued a memorandum decision and order granting Defendants' motion to dismiss, ECF No. 69, and entered judgment in favor of Defendants against

---

[1] Because the Court recounted in detail the factual and procedural background of this case in its previous order addressing Defendants' first motion to dismiss, *see* ECF No. 61, the Court now provides only the background information relevant to the pending motion for relief. The Court incorporates by reference the factual and procedural background outlined in the Court's previous order.

Plaintiff, ECF No. 70. Dismissal was without leave to amend in light of the Court's first order regarding Defendants' previous motion to dismiss, wherein the Court provided Plaintiff with ample guidance as to how he could cure the deficiencies in his earlier complaint and the Court's admonition that Plaintiff would have only one more opportunity to amend. *See* ECF No. 61.

Plaintiff has now filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from the Court's October 18, 2016 judgment. ECF No. 71. Plaintiff asks that the Court vacate its judgment and allow Plaintiff to file an opposition to Defendants' motion to dismiss his SAC, asserting that his failure to file an opposition to the motion was on account of his lead counsel's excusable neglect. *Id.* Defendants filed their opposition, ECF No. 72, and Plaintiff replied, ECF No. 73.

This matter is suitable for decision on the papers. E.D. Cal. L.R. 230(g). For the reasons that follow, the Court DENIES Plaintiff's motion for relief.

## I.    STANDARD OF DECISION

Under Federal Rule of Civil Procedure 60(b)(1), a district court may grant relief from a judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). Because of the "nature of the contextual analysis and the balancing of the factors adopted in *Pioneer*," courts applying the *Pioneer/Briones* test cannot create or apply any "rigid legal rule against late filings attributable to any particular type of negligence." *Pincay v.*

*Andrews*, 389 F.3d 853, 859-60 (9th Cir. 2004).

Although the Ninth Circuit has noted that Rule 60(b) is "remedial in nature and … must be liberally applied," it has also recognized that the moving party is not "absolved from the burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

## II.   DISCUSSION

### A.  **Prejudice to Defendants**

Plaintiff asserts that if the Court grants his motion and permits him the opportunity to file an opposition, "Defendants here would suffer no prejudice," and the case could then "proceed expeditiously, should this Court find the [SAC] sufficient," or in the event the Court dismisses the SAC again, Plaintiff could "present a clean record on appeal with all of the arguments clearly articulated." ECF No. 71 at 4.

Defendants counter that they will be prejudiced, noting that they have already filed multiple substantial motions to dismiss and have expended resources in responding to a previous failure by Plaintiff to file a timely opposition. ECF No. 72 at 22. If the Court now gives Plaintiff a "do-over," Defendants argue that they will be prejudiced because they have already "needlessly been forced to file another motion to dismiss a complaint that Plaintiff left almost entirely word-for-word the same as the previously dismissed complaint," and duly filed a reply when Plaintiff failed to file an opposition, and have been "forced to oppose the present motion." *Id.* at 22-23. Defendants further note that they have understood that judgment was entered in their favor on October 18, 2016, and "the closure they achieved in this Courts on the merits of this action" would be upended if the Court grants Plaintiff's motion. *Id.* at 23.

In his reply, Plaintiff argues that given Defendants' position that the SAC is very similar to the FAC, the substantive work in responding to Plaintiff's opposition has already been performed, and reiterates his assertion that the prejudice to Defendants is minimal. ECF No. 73 at 3. Plaintiff notes that "Defendants face the prospect of an appeal to the Ninth Circuit regardless of the outcome

3

of this motion, and thus denial of the Rule 60 motion will not obviate the need for further briefing." *Id.*

The Court finds that this factor favors Plaintiff. Mere delay in the resolution of the case is insufficient to justify the denial of a Rule 60(b)(1) motion. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). For the grant of a Rule 60(b)(1) motion to be prejudicial, Defendants' ability to present their case would need to be "hindered" or result in "tangible harm." *See TCI Group Life Ins. Plan*, 244 F.3d at 701. Defendants have not argued or demonstrated that they would suffer any prejudice beyond delay and the burdens inherent in litigating any case. Based on the Court's knowledge of the facts and history of this case and the similarity between the FAC and the SAC, the Court also finds that it is likely that Defendants have already completed the bulk of their substantive legal research in responding to the SAC. Therefore, granting this motion would not substantially prejudice Defendants in that it would not obstruct them from presenting their legal arguments for dismissal of this case. *See id.*

B. **Length of Delay**

Plaintiff argues that the length of delay in bringing this motion was "reasonable" and will have "minimal impact," noting that only 15 days had elapsed between the date when the Court dismissed his case and entered judgment against him, and the date he filed this motion. ECF No. 73 at 4. Defendants argue that the length of the delay for purposes of this motion is 52 days, not 15 days, because Plaintiff did not file this motion until 52 days after he missed the deadline to file his opposition to Defendants' third motion to dismiss. ECF No. 72 at 19.

Although some courts have used the date of the case's dismissal as the starting line by which to measure the length of delay, *see, e.g.*, *CEP Emery Tech Investors LLC v. JP Morgan Chase Bank, N.A.*, No. C 09-4409 SBA, 2011 WL 1226028, at *1-4 (N.D. Cal. Apr. 1, 2011), here, the Court agrees with Defendants that the length of delay to be considered in this case should include the time that elapsed following Plaintiff's failure to file an opposition to Defendants' motion to dismiss. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) ("[T]he delay was substantial. The State did not recognize its error and contact the district court until 64 days after the court's deadline [to ask the court for additional time to comply with that deadline]."); *Mahajan v.*

1   *Kumar*, No. CV F 06-1728 AWI MJS, 2008 WL 170976, at *5 (E.D. Cal. Jan. 18, 2008)

2   (calculating the length of delay as "the span of time between when the opposition to the motion to

3   dismiss should have been filed and the time of the instant motion for relief"). Plaintiff now seeks

4   the opportunity to file his opposition, which was due no later than September 12, 2016, essentially

5   seeking to turn back the clock 52 days, not 15 days. However, Plaintiff did not file anything with

6   the Court until he filed this motion on November 3, 2016—52 days after the opposition filing

7   deadline, and 15 days after the Court's entry of judgment against him.

8           This case has spanned approximately eighteen months, as it was commenced on April 10,

9   2015 and was closed on October 18, 2016. Accordingly, the Court finds that a 52-day delay

10  between Plaintiff's missed deadline and his Rule 60 motion to be significant, and to weigh against

11  granting this motion. *See Harvest*, 531 F.3d at 737.

12  C.  **Reason for Delay**

13          Both Defendants and Plaintiff acknowledge that the length of delay in and of itself is not

14  dispositive, but must be considered in the context of the reason for the delay. ECF No. 72 at 18;

15  ECF No. 73 at 4-5; *see also CEP Emery Tech*, 2011 WL 1226028, at *4 (three-month delay in

16  filing Rule 60 motion was consistent with excusable neglect where prior counsel's failure to meet

17  the deadline was on account of his "severe illness" and "total incapacity"); *Mahajan*, 2008 WL

18  170976, at *5 (although "the length of delay weighs somewhat against Plaintiff's request to be

19  permitted to file an opposition to the motion to dismiss, but is not sufficient without more to

20  warrant denial of relief"). The parties disagree on whether Plaintiff has provided a convincing

21  reason for his delay.

22          Plaintiff states that the reason for his delay "is precisely the sort of inadvertent mistake Rule

23  60 is designed to address." ECF No. 71 at 5. According to Plaintiff, his failure to file the opposition

24  to Defendants' motion to dismiss occurred because of a "faulty handoff receipt" from former lead

25  counsel, Rachel Steinback, to current lead counsel, Russell Ainsworth, when Ms. Steinback left the

26  firm Loevy & Loevy on July 29, 2016. ECF No. 71-1 at 3-4. According to Mr. Ainsworth's sworn

27  affidavit, "[a]fter Ms. Steinback departed, [Mr. Ainsworth] failed to pick up where Ms. Steinback

28  left off, and the Response in this case fell through the cracks. The lapse was unintentional." ECF

5

No. 71-1 at 1. Mr. Ainsworth's affidavit also states that "[his] practice consists of supervising newer attorneys, while maintaining a full-time work schedule consisting of a heavy mix of trial and appellate work." *Id.*

Defendants argue that Plaintiff's explanation is "entirely insufficient to establish excusable neglect," noting that Plaintiff does not explain why Ms. Steinback's departure from Loevy & Loevy caused Mr. Ainsworth to miss a deadline that was 45 days after Ms. Steinback's departure, that Plaintiff does not specify what exactly "fell through the cracks," and that even if Plaintiff's failure to file his opposition was the result of Ms. Steinback's departure, numerous subsequent events should have put Mr. Ainsworth on notice that Defendants' motion to dismiss was pending, that the deadline for filing an opposition had passed, and that the Court deemed the matter submitted and would be ruling on the motion without Plaintiff's opposition. ECF No. 73 at 13-14. Specifically, after Defendants filed their motion to dismiss on August 8, 2016, the Court issued a minute order continuing a scheduling conference before Magistrate Judge Oberto on August 17, 2016, ECF No. 66; Defendants filed a reply in connection to their motion to dismiss on September 19, 2016, ECF No. 67; and the Court issued a minute order indicating that it would decide Defendants' motion on the papers on September 20, 2016, ECF No. 68. The docket in this case reflects that notice[2] of all of these events was electronically mailed to Kevin G. Little (who is also listed as an attorney of record in this case) and other individuals who appear to be associated with his firm, Ms. Steinback, Mr. Ainsworth, and two individuals associated with Loevy & Loevy. *See* ECF No. 72-1, Exs. D-G. Defendants further note that Plaintiff failed to explain why it took Mr. Ainsworth 52 days to attempt to rectify missing the deadline, and has failed to explain why Mr. Little, Plaintiff's local counsel, failed to take any action. ECF No. 72 at 14-15.

In his reply, Plaintiff explains that upon Mr. Ainsworth's receipt of the Court's order granting Defendants' motion to dismiss, Mr. Ainsworth was "paralyzed by the realization that

---

[2] E.D. Cal. Local Rule 135(a) provides, in relevant part, as follows:

"Service" as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these Rules. "Notice of Electronic Filing is a notice automatically generated by CM/ECF at the time a document is filed with the system. When counsel have consented to electronic service, see L.R. 135(g), this Notice will constitute automatic service of the documents on all others who have consented … Service via this electronic Notice constitutes service pursuant to Fed. R. Civ P. 5(b)(2)(E).

Plaintiff had not filed a response to the motion to dismiss … Paralysis is the only way to describe Mr. Ainsworth's mental state at that time." ECF No. 73 at 6. According to Plaintiff, Mr. Ainsworth's "paralysis" is the reason he waited 15 days after the Court entered judgment against Plaintiff to file the pending motion for relief. *Id.* Plaintiff also explains that under the division of labor for representing him in this case, Loevy & Loevy was responsible for filing all pleadings. *Id.* Regarding Defendants' other points, Plaintiff argues that Mr. Ainsworth "did not attend to the fact that he was required to submit a response to the Defendants' motion to dismiss as a result of not sufficiently ensuring that this case was not being actively covered after prior counsel's departure from Mr. Ainsworth's firm. There is fault, to be sure; but that fault can be excused by the Court." *Id.*

On this factor, the Court agrees with Defendants. Plaintiff has essentially attributed the delay in bringing this motion to his counsel's carelessness following the departure of Ms. Steinback from Loevy & Loevy. This reason is insufficient to explain a 52-day delay because there does not appear to be any factors beyond the control of Plaintiff's counsel that prevented them from acting sooner. *See Pioneer*, 507 U.S. at 398 ("In assessing the culpability of … counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice …"); *Bateman*, 231 F.3d at 1225 ("The reason for the delay is, admittedly, weak. [Counsel] should have arranged for someone to handle his cases while he was away, and once he returned he should have responded more quickly to the motion for summary judgment. He showed a lack of regard for his client's interest and the court's docket."). Mr. Ainsworth does not deny receiving or reading notifications from the Court that should have apprised him that the opposition deadline had passed and this case was moving along without Plaintiff's opposition. In the absence of specific facts demonstrating why exactly Ms. Steinback's departure resulted in the failure of Mr. Ainsworth to file the opposition or why Mr. Ainsworth and/or Mr. Little were somehow otherwise incapacitated, the Court finds that mere negligence is not a satisfactory explanation for the 52-day delay. *See Mahajan*, 2008 WL 170976, at *6 ("Even if the court were free to make inferences on [counsel]'s behalf, a proposition that is not contended or supported, there are no facts the court can identify that would tend to bolster [counsel]'s claim that the failure to file an opposition was 'excusable'

neglect."). Counsel's "failure to tie any of the facts he has alleged to the failure to file an opposition to [Defendants]' motion to dismiss weighs very strongly against a conclusion that the reason for the delay was 'excusable.'" *See id.* Furthermore, the Court is cognizant that Plaintiff's counsel and Defendants' counsel had previously entered into several scheduling stipulations (ECF Nos. 39, 39, 44, 48), and that the deadline at issue in this motion is not the first that Plaintiff's counsel has missed.

Whether counsel has "otherwise been diligent" is another factor for the Court to consider in evaluating the reason for the delay. *Pincay*, 389 F.3d at 859. On March 25, 2016, the Court granted a stipulation filed by Ms. Steinback extending the time for briefing on Defendants' earlier motion to dismiss, and setting the deadline for Plaintiff to file his opposition as April 18, 2016. ECF No. 51. Despite this extension, not only did Plaintiff file his opposition one day late, ECF No. 52, but he also filed an ex parte application for a one-day extension, on account of Ms. Steinback's "schedule [being] unexpectedly interrupted with other matters that needed to be prioritized," and assured the Court that "it would not happen again." ECF No. 53. The Court initially denied Plaintiff's application because Ms. Steinback had failed to demonstrate good cause, but allowed her the opportunity to file a supplemental affidavit supporting good cause. ECF No. 54. Ms. Steinback filed such an affidavit, therein averring as follows:

> [U]nexpected time-sensitive obligations arose in another case for which I have primary responsibility … . On the last day of fact discovery, the defendants produced nearly 1,000 pages of documents that had never before been disclosed, creating a prodigious amount of work, giving rise to extensive communications, telephonic conferences, and a court conference, and impacting Plaintiff's expert discovery obligations, reports for which are due in seven days. Despite my attempt at conscientiousness and my genuine belief that I could manage those additional obligations and also finish and file Plaintiff's opposition brief on the April 18 deadline, I was unable to meet that deadline, and I filed it as soon as possible on April 19.

ECF No. 55 at 4. Ms. Steinback further indicated that she had conferred with Defendants' counsel, who agreed not to oppose the ex parte application on the condition that, *inter alia*, Defendants be permitted additional time to submit their reply brief and be granted additional pages. *Id.* at 5. The Court subsequently granted Plaintiff's application, finding him to have established good cause. ECF No. 56. This previous instance, during which Ms. Steinback provided a detailed explanation that

fully accounted for the one-day delay and conferred with Defendants' counsel, is distinguishable from what is at issue in the pending motion, which is factually unsupported and reflects no effort on Plaintiff's counsel to resolve the situation with Defendants' counsel over a considerable period of time. *See* ECF No. 72-1 ¶ 8 (Declaration of Defendants' counsel Blake P. Loebs, dated November 22, 2016, stating that "Plaintiff has never reached out to Defendants to request more time to file an opposition to Defendants' third motion to dismiss (Dkt. 64), and to this day has never contacted Defendants regarding his failure to file an opposition to that motion.").

Therefore, in consideration of the facts of this case and the weakness of Plaintiff's explanation, the Court finds that the reason for the delay, especially in conjunction with the significant length of the delay, to weigh very strongly against a finding of excusable neglect.

D. **Good Faith**

Finally, Plaintiff contends that his counsel acted in good faith in bringing this motion, seeking "only an opportunity to defend his Complaint and ensure that all arguments are properly preserved for appeal." ECF No. 71 at 5. According to Mr. Ainsworth's affidavit, he has been a licensed attorney since 2002, has never bene sanctioned or disciplined by any court or bar, and has never filed a Rule 60 motion alleging his own excusable neglect. ECF No. 71-1 at 1.

Defendants argue that Plaintiff's conduct suggests bad faith because Plaintiff's explanation for failing to file the opposition is vague and suggests that Mr. Ainsworth is not being forthright with the Court, and indicates that Plaintiff may be seeking a tactical advantage from the Court after having missed the opposition deadline. ECF No. 72 at 20-21.

In light of what was discussed above regarding Court notifications that should have apprised Plaintiff's counsel that the case was proceeding without his opposition, it is difficult not to infer at least indifference on the part of Plaintiff's counsel throughout these proceedings. Nevertheless, the Court will not go so far as to find that Plaintiff's counsel acted in bad faith when he filed this motion. "In determining whether a party acts in bad faith, courts consider whether the error was due to negligence and carelessness rather than deviousness or willfulness." *Warkentin v. Federated Life Ins. Co.*, No. 1:10-cv-00221-SAB, 2015 WL 1729797, at *5 (E.D. Cal. Apr. 15, 2015) (citing *Bateman*, 231 F.3d at 1225; *Laurino v. Syringa General Hospital*, 279 F.3d 750, 755 (9th Cir.

2002)). "The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay*, 389 F.3d at 861 (Berzon, J., concurring). Based on its knowledge of this case, the Court does not believe that Plaintiff could gain any significant strategic advantage if the Court were to grant this motion. Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

## CONCLUSION AND ORDER

Having carefully considered the *Pioneer/Briones* factors within the context of this case, the Court finds it most appropriate to deny Plaintiff's motion. The neglect in this case is not excusable and Plaintiff has not demonstrated that the interest in having this case decided on the merits outweighs the Court's interest in the finality of its judgments. *See Pincay*, 398 F.3d at 860 ("[T]he weighing of *Pioneer*'s equitable factors" are left to the "discretion of the district court in every case."). Although two factors weigh in favor of granting this motion, the length of the delay and the reason for the delay weigh very strongly against Plaintiff. Granting this motion would set an improper precedent that a party could prevail on a significantly delayed Rule 60 motion through vague allegations of negligence. Here, Plaintiff's counsel simply failed to meet the opposition deadline for no good reason, and waited almost two months before attempting to rectify the situation.[3] In the absence of compelling circumstances dictating otherwise, the Court must enforce its own rules and deadlines.

Plaintiff's motion for relief from judgment (ECF No.71) is hereby DENIED.

IT IS SO ORDERED.

Dated:   __**January 20, 2017**__         _____/s/ Lawrence J. O'Neill_____
                                          UNITED STATES CHIEF DISTRICT JUDGE

---

[3] For the reasons explained in the Court's dismissal order, Plaintiff's SAC failed to state a claim on its face. *See* ECF No. 69. Frankly, the Court is dubious that it would have found otherwise even if Plaintiff had filed a timely opposition.